```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DANNY ELLIOTT BEAUCLAIR,**

                    **Plaintiff,**

        v.                                      CASE NO. 07-3022-SAC

**ROGER WERHOLTZ, et al.,**

                    **Defendants.**

## O R D E R

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee

---

[1] *See* <u>Beauclair v. Graves</u>, Case No. 03-3237-SAC (remainder of $455.00 appellate filing fee in Appeal No. 06-3265).

obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Plaintiff alleges defendants are deliberately indifferent to his obvious medical needs by not providing effective treatment for his chronic fatigue and fibromyalgia.  He also alleges that corrections staff improperly read inmate mail.  He seeks damages, injunctive and declaratory relief, and expungement of a prison disciplinary action. Having reviewed the complaint, the court finds it is subject to being dismissed for the following reasons.

Plaintiff's broad identification of six claims in his complaint, without any dates or identification of particular defendants in relation to any of plaintiff's claims, does not satisfy the pleading requirements for proceeding in federal court.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 85 (1957), and requires minimal factual allegations on those material elements that must be proved to recover, *see* Hall v. Bellmon, 935 F.2d 1006, 1110 (10th Cir. 1991).  Here, plaintiff's vague and sweeping allegations are insufficient to give any defendant fair notice of plaintiff's claims and the grounds therefore.

Similarly, plaintiff fails to identify the personal participation by any of the named defendants in the alleged wrongdoing.  "Individual liability under 42 U.S.C. § 1983 must be

based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.").

Additionally, it appears plaintiff is seeking relief on claims previously decided by this court in a complaint plaintiff filed in 2003.  *See* Beauclair v. Graves, Case No. 03-3237-CM (complaint dismissed as stating no claim for relief, June 29, 2006), *affirmed*, June 28, 2007 (10th Circuit Appeal No. 06-3265).  *See* Allen v. McCurry, 449 U.S. 90, 94 (1980)(doctrine of res judicata and collateral estoppel precludes relitigation of claims that were, or could have been, litigated in a prior action).

And finally, plaintiff provides no information about the disciplinary action he seeks to have expunged, and alleges no violation of his constitutional rights in the disciplinary proceeding.

Accordingly, absent amendment of the complaint to adequately address these deficiencies, the court finds the complaint is subject to being dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  Plaintiff's motion for the issuance and service of summons in this matter is thus premature and is denied without prejudice.  The failure to file a timely amended complaint may result in this action being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff's motion for a preliminary injunction to be provided specific treatment and accommodations is denied. Because a preliminary injunction is an extraordinary remedy, "the right to relief must be clear and unequivocal." <u>Chemical Weapons Working Group Inc. v. United States Department of the Army</u>, 111 F.3d 1485, 1489 (10th Cir. 1997). Having carefully reviewed plaintiff's motion, the court finds plaintiff has made no showing of a substantial likelihood that he will prevail on the merits of his claims, or a likelihood of irreparable harm absent the extraordinary relief being requested.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of the complaint for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for the issuance and service of summons (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED: This 30th day of August 2007 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge