```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DANNY ELLIOTT BEAUCLAIR,**

                    **Plaintiff,**

      v.                                  **CASE NO. 07-3022-SAC**

**ROGER WERHOLTZ, et al.,**

                    **Defendants.**

### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint file while incarcerated in the Lansing Correctional Facility (LCF), seeking relief under 42 U.S.C. § 1983 on five enumerated claims supported by broad allegations that defendants failed to provide adequate and proper medical care for plaintiff's various medical conditions, and unlawfully interfered with his legal mail.

The court reviewed the sparse complaint and found it was subject to being summarily dismissed because plaintiff failed to provide dates concerning defendants' alleged denial of medical care, and failed to indicate how any named defendant personally participated in the alleged wrongdoing.

In response, plaintiff filed an amended complaint that added thirteen additional defendants, including defendants at the El Dorado Correctional Facility (EDCF) where he was incarcerated at the time. In the amended complaint, plaintiff now enumerates 24 claims alleging defendants at both LCF and EDCF failed to provide treatment for his medical needs, improperly interfered with his legal mail, and unlawfully disciplined him and transferred him from LCF to EDCF.

Before the court is plaintiff's motion for a preliminary injunction and supporting memorandum as later supplemented, filed after plaintiff was transferred to the Ellsworth Correctional Facility (ECF). Plaintiff claims ECF officials are violating his rights under federal and state law by failing to provide adequate and appropriate treatment for his medical needs, and broadly asks the court to compel their compliance with existing law. In a supplemented supporting memorandum, plaintiff further claims his access to the courts is impeded because he is not allowed to file prison grievances or make copies.

Plaintiff correctly observes that preliminary injunctive relief requires a showing that there is a substantial likelihood he will succeed on the merits of his claims, that he will suffer irreparable injury if the proposed relief is not ordered, that the threatened harm to plaintiff outweighs the harm the proposed injunction may cause the opposing party; and that such injunctive relief, if issued, would not be adverse to the public interest. *See* Country Kids 'N City Slick, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996); Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980). A clear and unequivocal showing is required to warrant such extraordinary relief. Chemical Weapons Working Group Inc. v. United States Department of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997); West v. Derby USD No. 260, 23 F.Supp.2d 1220, 1221-22 (D.Kan. 1998). An even greater showing is necessary where, as in the present case, plaintiff seeks to disturb the status quo. SCFC ILC. Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Having examined plaintiff's motion and supporting memorandum, the court finds these standards have not been satisfied. Plaintiff

does not persuasively identify any irreparable injury he might suffer absent the relief sought, and the specific relief sought clearly impacts prison management which is generally afforded great deference.  *See* Hewitt v. Helms, 459 U.S. 460 (1983)(broad discretion is afforded prison officials in their day-to-day management of correctional facilities); Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981)(prison administrators are to be accorded substantial deference regarding matters of internal security and management of a correctional facility).  Plaintiff also seeks to enjoin ECF correctional officials who are not named as defendants in this matter.  *See* Frazier v. Jordan, 2007 WL 60883, at *7 (10th Cir. Jan. 10, 2007)(prisoner's claims for injunctive relief failed where motions for injunctive relief did not implicate any of the defendants in his lawsuit but alleged violations only by entities which were not parties in his suit).  Plaintiff's motion for a preliminary injunction is thus denied.

   IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Doc. 14) is denied.

   **IT IS SO ORDERED.**

   DATED:  This 9th day of September 2009 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge