IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANNY ELLIOTT BEAUCLAIR,**

        **Plaintiff,**

    **v.**                                    CASE NO. 07-3022-SAC

**ROGER WERHOLTZ, et al.,**

        **Defendants.**

**O R D E R**

    Plaintiff proceeds pro se and in forma pauperis on a complaint file while incarcerated in the Lansing Correctional Facility (LCF), seeking relief under 42 U.S.C. § 1983 on five claims supported by broad allegations that defendants failed to provide adequate and proper medical care for plaintiff's various medical conditions, and unlawfully interfered with his legal mail. The court reviewed the sparse complaint and found it subject to being summarily dismissed absent plaintiff's amendment of the complaint to provide dates concerning defendants' alleged denial of medical care, and sufficient allegations and factual support for establishing each defendant's personal participation in the alleged violation of plaintiff's rights.

    In response, plaintiff filed an amended complaint that added thirteen additional defendants, including defendants at the El Dorado Correctional Facility (EDCF) where plaintiff was incarcerated

at the time.[1]  In the amended complaint, plaintiff enumerates 24 claims in which he alleges defendants at both LCF and EDCF failed to provide adequate treatment for his medical needs, improperly interfered with his legal mail, and unlawfully disciplined him and transferred him from LCF to EDCF.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  *See* Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

Having reviewed the amended complaint and extensive exhibits provided by plaintiff, the court again directs plaintiff to show cause why this action should not be dismissed for the following reasons.

---

[1] Plaintiff has since been transferred to Ellsworth Correctional Facility (ECF).

A.  Medical Treatment[2]

Plaintiff essentially claims he is subjected to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments because defendants denied him medical treatment.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  *See* Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(Eighth Amendment violated if prison official knows of and disregards an excessive risk to inmate health or safety).  To state a cognizable Eighth Amendment claim for failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(internal quotation marks omitted).  This deliberate indifference standard requires an objective showing of a sufficiently serious pain or deprivation, and a subjective showing that the offending officials act with a sufficiently culpable state of mind.  Perkins v. Kansas Department of Corrections, 165 F.3d 803, 809 (10th Cir. 1999)(*citing* Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)).  Allegations of negligence in the diagnosis or treatment of a prisoner's medical condition do not state a valid claim of medical mistreatment under the Eighth Amendment.  Estelle, 429 U.S. at 106.  Medical malpractice does not become a constitutional violation merely because the victim is a

---

[2]Generally claims 1-6, 9, 11-12, 14-16, 18, and 20-24 in the amended complaint.

3

prisoner.  Id.  The decision whether to order specific medical testing or diagnostic techniques "is a classic example of a matter for medical judgment."  Id. at 107.  A decision not to order specific medical tests or forms of treatments represents at most a matter of medical malpractice, for which the state courts offer the proper forum for relief.  Id.

Plaintiff complains of chronic pain from various medical conditions including fibromyalgia.

Plaintiff raised similar medical claims in a previously filed action, seeking relief on claims that defendants were deliberately indifferent to plaintiff's medical needs by failing to adequately address his various medical conditions and alleviate specific symptoms. *See* Beauclair v. Graves, Case No. 03-3237-SAC.  In that action, the court found plaintiff's allegations and supporting documentation failed to suggest that any defendant disregarded an obvious medical concern or failed to take reasonable steps to address any medical need that presented a substantial risk of harm.  To the extent plaintiff alleged defendants provided no cure for his continuing pain and specific medical problems, the court found no deliberate indifference where constitutionally acceptable medical care was being provided.

The Tenth Circuit Court of Appeals affirmed that judgment, finding Beauclair's allegations regarding his medical complaints did not satisfy the subjective component of the deliberate indifference standard, but instead merely showed a difference of opinion regarding appropriate medical care, or at most negligence.  Id., 227 Fed.Appx. 773 (10th Cir. 2007)(unpublished).

In the instant case, plaintiff states that he suffers from a

myriad of medical problems for which the treatment provided offers no relief and claims this denies him appropriate medical care. Plaintiff further claims medical and correctional staff are ignoring medical directives and prescribed care, and subjecting him to needless pain and suffering in violation of his rights under the Eighth and Fourteenth Amendments.

However, as in plaintiff's prior lawsuit, the court finds plaintiff's allegations reflect only his disagreement with the treatment provided, and thus state no actionable constitutional claim for the purpose of proceeding under 42 U.S.C. § 1983.

Citing published articles provided in part by medical staff as background information about fibromyalgia, plaintiff maintains his confinement should be restricted and accommodated to not push him beyond his personal limits in order to avoid flare-ups of his fibromyalgia with the potential for physical harm. His administrative grievances include a consistent claim that walking to chow for his meals would cause such a flare-up, thus defendants' refusal to provide daily delivery of meals to his cell, or to provide an aide and wheel chair to assist plaintiff as needed, has resulted in him missing numerous regular meals at both LCF and EDCF. Plaintiff also consistently requests delivery of his meals to his cell or a one man cell in the clinic where he could get regular meals, assistance, and a better bed. Plaintiff contends the denial of these requests, as well as the denial of his requests for tests, accommodations, and medication, subjects him to needless pain and suffering.

Throughout numerous grievances, plaintiff repeatedly cites an administrative response by LCF Nurse Belk to an administrative

grievance plaintiff submitted in April 2005 to complain about the pain suffered by walking to a second medical callout. In her response, Belk advised plaintiff that he should have listened to his body and stayed in his cell. Plaintiff thereafter contends that all subsequent directives by medical staff to exercise more, and to deny accommodations that would allow plaintiff to remain in his cell as he determines necessary, violate this "medical order" by Belk.

Plaintiff also contends his transfer within LCF from a one man cell in maximum custody to a medium custody cell block, and from LCF to EDCF, removed him from more appropriate treatment and accommodation of his medical needs. He further complains that LCF and EDCF medical staff encouragement that he ambulate and exercise more is detrimental to his well being and contrary to Belk's 2005 administrative response. Likewise, he invokes Belk's 2005 response as justification for refusing orders, and argues the resulting disciplinary actions against him for those refusals are unjustified.

After his transfer to EDCF, plaintiff continued to complain of missed meals because he would not walk to chow and meals would not be delivered to his cell as he requested. Relying on a remark by Dr. Jones that it would be a "waste of time" for plaintiff to repeatedly seek medical attention contrary to recommended treatment, plaintiff contends medical care is being denied.

However, plaintiff's selective reliance on the single administrative response in 2005, and on his temporary housing in a one man cell at LCF, is unavailing as it is clear on the face of the record that neither constitute "prescribed care" as plaintiff maintains, nor operate to control plaintiff's subsequent medical care and treatment as explained to plaintiff in later medical

assessments and administrative responses. Accordingly, even viewing plaintiff's allegations liberally and in his favor, there is no reasonable or plausible basis for finding any defendant acted with deliberate indifference to plaintiff's medical needs. Although plaintiff complains of missing many meals because it would be painful and might cause his fibromyalgia to flare up, he acknowledges that he walks to visitation, the library, and the commissary even though it causes him pain. And the custody classification and transfer decisions challenged by plaintiff present no obvious disregard to plaintiff's health or safety, notwithstanding plaintiff's complaints that such decisions made it harder for him to manage his condition in the manner he considered appropriate.

Plaintiff is receiving continuing care for a chronic condition that involves persistent pain, and plaintiff has no right to the specific medical treatment he demands. *See e.g.* Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006)(no deliberate indifference claim stated where prison officials forced prisoner to use crutches rather than a wheelchair after prisoner's injury because prisoner not entitled to any particular course of treatment); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1142-43 (10th Cir. 2005)(a mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment, even if the treatment in question constituted medical malpractice); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). The court

thus finds plaintiff's medical claims are subject to being dismissed.

B. Retaliation and Discipline[3]

Plaintiff's claims of retaliation and false discipline center on being moved to cells or facilities less suitable for his medical needs, and on disciplinary proceedings against him at LCF in June 2006 for refusing to move to a medium custody dorm, and at EDCF in March 2007 for refusing to answer a callout. Plaintiff contends the challenged moves interfered with the 2005 "medical order" by Belk, and subjected him to needless pain and suffering. Plaintiff argues there was no medical justification for the moves, and insists medical concerns must always trump custody classification considerations. Plaintiff further contends the disciplinary proceedings were not valid because the orders issued were contrary to the 2005 "medical order" and his medical needs.

However, plaintiff has no protected right to be housed in any particular cell or facility. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Nor did the disciplinary actions taken against plaintiff implicate a liberty interest protected by the Due Process Clause where the sanction imposed in the challenged disciplinary proceedings neither impacted the duration of plaintiff's incarceration, nor subjected him to conditions exceeding the ordinary and expected incidents of prison life. Wolff v. McDonnell, 418 U.S. 539 (1974); Sandin v. Conner, 515 U.S. 472 (1995).

---

[3]Generally, claims 7, 8, 13, 19, and 24 in the amended complaint.

As to plaintiff's allegations of retaliation, he argues the challenged moves and discipline were retaliatory because there was no medical justification for those actions, and generally cites his litigation and filing of administrative grievances as the basis for the alleged retaliation. However, plaintiff's bare and conclusory claim of retaliation is insufficient to plausibly establish that but for plaintiff's grievances and lawsuits, any defendant's decision to relocate plaintiff or to issue a disciplinary report would have been different. Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

C.  Access to the Courts[4]

Plaintiff's allegations of interference with his legal mail are sparse. Plaintiff first claims legal mail was improperly withheld from him in August 2006, and claims three items of legal mail were opened outside his presence in November through December 2006.

The interference with a prisoner's legal mail implicates the prisoner's right of access to the courts and right to free speech under the First and Fourteenth Amendments. An actionable cause of action of requires a showing that the actions taken impaired the prisoner's efforts to pursue a nonfrivolous legal claim. *See* Lewis v. Casey, 518 U.S. 343, 351-53 (1996)(an inmate asserting denial of access to the courts must satisfy the standing requirement of "actual injury"). Mere negligence in the processing of a prisoner's legal mail states no constitutional violation. Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005).

In the present case, the legal mail at issue in August 2006 was

---

[4]Generally claims 10, 17, and 24 in the amended complaint.

9

a box of supplies[5] mailed to plaintiff from an out of state law firm. Plaintiff does not dispute that the box was searched and processed according to prison regulations, opened in plaintiff's presence, and found to contain items considered by staff as not legal material but rather items plaintiff was required by prison regulations to purchase from the canteen. Those items were removed and returned to the sending party at no cost to plaintiff, and the one piece of legal mail found in the box (a letter from the attorney) was given to plaintiff.

Notwithstanding plaintiff's broad claim of unwarranted censorship, and his argument the supplies were necessary to facilitate his access to the courts and his communication on legal matters, these allegations encompass no interference with plaintiff's legal mail. The box delivered to the facility was clearly handled as legal mail, but once opened in plaintiff's presence, the contents constituting nothing more than supplies were withheld. Absent a greater showing of a factual or legal basis for treating these supplies as "legal mail," and a showing of actual prejudice resulting from the confiscation and return of these supplies, the court finds no viable constitutional claim is stated.

Next, plaintiff claims three letters marked as "legal mail" were opened outside his presence in November and December 2006, with no proper investigation or remedy provided. The sparse facts provided, however, reflect nothing more than inadvertent error in isolated instances, and plaintiff identifies no actual prejudice

---

[5]The box contained 12 legal pads, 2 sketch pads, a box of 12 pencils, two boxes of 12 pens each, and a roll of 100 first class stamps.

that resulted.

The court thus concludes these claims in the amended complaint are subject to being summarily dismissed.

D. Remaining Concerns

The court also finds Correct Case Services is subject to being summarily dismissed as a defendant because plaintiff's allegations are insufficient to state a claim against this defendant upon which relief can be granted under 42 U.S.C. § 1983. To proceed against this private entity performing a state function, plaintiff must be able to satisfy the test articulated in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-94 (1978), which require a showing that plaintiff was deprived of a constitutional right pursuant to a policy or custom of the private entity that amounted to deliberate indifference to plaintiff's constitutional right. *See e.g.*, Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(cataloguing circuit court cases applying Monell to private entities). Plaintiff provides no factual basis for making this necessary showing.

Plaintiff is further reminded that he may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). And generally, the denial of relief in a prisoner's administrative appeal is insufficient to establish personal participation for the purpose of stating a claim for relief against the reviewing officials based on their failure to investigate and take corrective action. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(allegations that defendants"rubber-stamped" his grievances did not adequately allege a factual basis to support an

affirmative link between the defendants and any alleged constitutional violation).

**NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF**

The court thus directs plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief for the reasons stated herein. 42 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in this matter being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 31st day of March 2010 at Topeka, Kansas.

  s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge