IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY ELLIOTT BEAUCLAIR,

                Plaintiff,

    v.                                CASE NO.07-3022-SAC

ROGER WERHOLTZ, et al.,

                Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983 on five claims supported by broad allegations that defendants at the Lansing Correctional Facility (LCF) failed to provide adequate and proper medical care for plaintiff's various medical conditions, and unlawfully interfered with his legal mail. The court reviewed the sparse complaint and found it subject to being summarily dismissed absent plaintiff's amendment of the complaint to provide dates concerning defendants' alleged denial of medical care, and sufficient allegations and factual support for establishing each defendant's personal participation in the alleged violation of plaintiff's rights.

In response, plaintiff filed an amended complaint that added thirteen additional defendants, including defendants at the El Dorado Correctional Facility (EDCF) where plaintiff was incarcerated

at the time.[1]  In the amended complaint, plaintiff enumerated 24 claims alleging defendants at both LCF and EDCF failed to provide adequate treatment for his medical needs, improperly interfered with his legal mail, and unlawfully disciplined him and transferred him from LCF to EDCF.

The court reviewed the amended complaint, and directed plaintiff on March 31, 2010, to show cause why the amended complaint should not be summarily dismissed.  In response, plaintiff submitted a "motion to reconsider" which essentially addresses the court's findings and conclusion in the March 31 show cause order.  The court liberally construes plaintiff's pro se pleading as plaintiff's response to the show cause order entered on March 31, 2010.

In his response, plaintiff reiterates his arguments that persistent ineffective treatment for his chronic pain by defendants at LCF and EDCF subjected him to needless pain and suffering by denying him relief and exacerbating his condition.  The court has carefully reviewed plaintiff's response and remains convinced that plaintiff's facts would not allow one to reasonably infer that any defendant was deliberately indifferent to plaintiff's medical needs, that plaintiff's allegations of retaliation remain conclusory at best, and that plaintiff's bare reference to a "policy or custom" to deny him requested medical care and accommodations is insufficient to plausibly establish a cause of action under § 1983 against defendant Corrective Care Services.

Accordingly, for the reasons stated herein and in the show

---

[1]Plaintiff has since been transferred to Ellsworth Correctional Facility.

cause order entered on March 31, 2010, the court finds the allegations in plaintiff's amended complaint are insufficient to establish any plausible claim that defendants violated plaintiff's constitutional rights, and concludes the amended complaint should be dismissed.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 19) is construed by the court as plaintiff's response to the show cause order entered on March 31, 2010, and not as a motion as titled.

IT IS FURTHER ORDERED that the amended complaint is dismissed.

**IT IS SO ORDERED.**

DATED:  This 28th day of September 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge